**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3001-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY S. GRANATA a/k/a
TONY GRANATA, ANTHONY S.
GRANATA, JR., ANTHONY S.
GRANATO, ANTHONY GRANATO,
ANTHONY SAL GRANATA,
ANTHONY S. CAPUTO, ANTHONY S.
PANCONE, ANTHONY M. PANCONE,
ANTHONY S. BEUCCI, ANTHONY
NAVARRO, and TONY PANCONE,

    Defendant-Appellant.

_____

Submitted September 24, 2019 – Decided September 30, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-05-0698.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Anthony Granata appeals from an order dismissing his petition for post-conviction relief (PCR) following an evidentiary hearing. Defendant claims his trial counsel was ineffective by failing to call two witnesses at trial. Because the reasons expressed in the PCR judge's written opinion are supported by sufficient credible evidence adduced at the hearing, we affirm.

The circumstances leading to defendant's arrest and conviction are more fully described in our prior decision affirming the conviction and sentence on direct appeal. State v. Granata, No. A-5962-11 (App. Div. Sept. 8, 2014) (slip op. at 1-6), certif. denied, 221 N.J. 219 (2015). Relevant here, Woodbridge Police Officers executed a search warrant at defendant's home. Defendant was present in the living room at the time of the search. Another man – who was not identified by police – was found at the top of the second floor stairs. Officers seized a loaded 9mm handgun from a dresser in the back of a closet of the master

A-3001-17T1

bedroom. Drug paraphernalia, and small amounts of cocaine and marijuana were seized from various locations throughout the house.

Prior to trial, defendant told his attorney that F.V.[1] was the other man present during execution of the search warrant. F.V., who had known defendant for thirty years, provided a video-recorded statement to defense counsel's private investigator confirming his presence in the home. F.V. said defendant was in the process of renting a bedroom to someone, but F.V. did not know who that "guy" was or which room he was renting. F.V. did not testify at trial.

The State's investigation revealed the handgun was registered to a deceased Highland Park police officer. Police interviewed F.M., who was the son-in-law of that officer. F.M. said his wife found "a bunch of guns" in her father's house approximately twelve years after he died. F.M.'s wife and her aunt "supposedly" turned over all of the firearms to the Highland Park Police Department. F.M. had no idea how one of those guns made its way to defendant's residence. Although F.M. acknowledged he knew F.V., F.M. told police: he did not give the gun to F.V.; he would have turned over the gun to police had he known about it; and he never introduced his wife to F.V. F.M. did not testify at trial.

---

[1] We use initials to protect the privacy of the witnesses.

 A-3001-17T1

Following a jury trial, defendant was convicted of all five counts charged in a Middlesex County indictment, including second-degree possession of a firearm in the commission of a drug offense, N.J.S.A. 2C:39-4.1, pertaining to the drugs and handgun seized from his residence. Defendant was sentenced to an aggregate ten-year prison term with a six-year period of parole ineligibility.

After the Supreme Court denied certification, defendant filed a PCR petition. Defendant raised several arguments challenging his counsel's effectiveness. The PCR judge, who also had presided over the trial and sentencing proceedings, conducted an evidentiary hearing. The judge limited the hearing to defendant's contention that defense counsel's representation was deficient for failing to "subpoena two witnesses with potentially exculpatory evidence to testify, and did not even interview one of them." Those witnesses, "may have had information that would have persuaded the jury to believe that someone else may have been in possession of the handgun."

At the one-day hearing, defendant presented the testimony of his counsel. Defendant also introduced in evidence the video-recorded statement of F.V. and the transcript of F.M.'s recorded statement. Defendant did not testify at the hearing.

A-3001-17T1

Having practiced law since 1969, defense counsel testified to his vast experience as a county and municipal prosecutor, and criminal defense attorney. Although the trial occurred five years before the hearing, counsel clearly recalled discussing his strategy with defendant. That strategy focused on defendant as "a user, as opposed to an individual who was possessing drugs with the intent to distribute, even though there were certain indicia that w[ere] found during the execution of the search warrant[] that would indicate that could be a possibility."

Defense counsel acknowledged another aspect of his strategy involved the "poorly executed investigation[] and search warrant[,]" so "that argument was better served by not identifying [F.V.] to the jury." Counsel ultimately concluded F.V. and F.M. "had utterly nothing to offer [the defense] as a witness in this trial." Indeed, counsel and defendant discussed the "major concern" that permeated the case, i.e., "[defendant] said it was not his gun; but, it was . . . located[] in a part of the house[,] which he was residing in."

Following the hearing, the PCR judge issued an order and written decision denying defendant's petition. This appeal followed.

On appeal, defendant raises a single point for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE

DEFENDANT ESTABLISHED TWO OTHER MEN HAD A CONNECTION TO THE RECOVERED GUN WHICH WOULD HAVE RAISED REASONABLE DOUBT WITH THE JURY.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (citation omitted). We review any legal conclusions of the trial court de novo. Nash, 212 N.J. at 540-41.

In seeking post-conviction relief, a defendant must prove counsel was ineffective by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, a defendant must establish that counsel's performance was deficient and the defendant suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

In the present matter, the PCR judge soundly recognized defendant failed to satisfy either prong of the two-part Strickland test. As to the first prong, the judge reasoned:

> Counsel's decisions are afforded extraordinary deference and the decision to call witnesses [is] part of trial strategy. If trial strategy does not work, this itself does not make counsel ineffective. It was counsel's decision to suggest that calling [F.V.] or [F.M.] would not have served [d]efendant because both men disavowed ownership of the gun. Moreover, . . . [d]efendant has failed to offer any additional evidence that [F.V.] or [F.M.] would have testified any differently than they did in their taped statements.

Regarding the second prong, the judge concluded defendant did not establish that had F.V. and F.M. testified, "the outcome of the trial would have been different."

We have long recognized trial strategy is clearly within the presumptive discretion of competent trial counsel.  See State v. Coruzzi, 189 N.J. Super. 273, 321 (App. Div. 1983).  Strategic decisions are presumed to fall "within the wide range of reasonable professional assistance."  State v. Arthur, 184 N.J. 307, 318-19 (2005).  "Determining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront."  Id. at 320.  The decision is generally informed by the testimony expected to be elicited; the possibility of impeachment, both by prior inconsistencies or conflicting testimony by other witnesses; and the witness's general credibility.  Id. at 320-21.  Indeed, we must accord substantial deference to trial counsel's decisions on which – if any – witnesses to present, which is overcome only if a defendant shows a strategic decision was based upon a lack of trial preparation.  Id. at 323.

Having reviewed the record, in view of the parties' arguments, we are satisfied defense counsel properly considered, investigated, and ultimately rejected – for perfectly valid strategic reasons – calling F.V. and F.M. as defense witnesses.  Counsel's investigator interviewed F.V., whose statements did not advance defendant's arguments; F.M.'s statement to police clearly indicated he had no knowledge of the weapon found in defendant's home.  We accept the PCR judge's determination that defendant failed to prove either prong of the

Strickland standard. We therefore see no reason to disturb his findings, which are fully supported by the record and are entitled to our deference. State v. Robinson, 200 N.J. 1, 15 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION